**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| LAM INTERNATIONAL CORPORATION,<br>a Montana corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARKETING ARM INTERNATIONAL, INC.,<br>a Florida corporation,<br><br>Defendant. | ) | CASE NUMBER:___________________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff LAM INTERNATIONAL CORPORATION aka Laverlam International (the "Plaintiff"), hereby files this Complaint for Trademark Infringement, Unfair Competition and Deceptive and Unfair Trade Practices and sues Defendant MARKETING ARM INTERNATIONAL, INC. (the "Defendant") (each, the "Party" and collectively, the "Parties") and states:

1. This is an action for infringement of a federally registered trademark and common law trademark rights under the Lanham Act 15 U.S.C. §§ 1114, 1116, 1117 and 1125; trademark infringement and unfair competition under the common law of Florida; and deceptive and unfair trade practices under Fla. Stat. §§ 501.201 *et. seq.*

**THE PARTIES**

2. Plaintiff is a corporation organized and existing under the laws of the State of Montana, with its principal place of business in Butte, Montana.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Florida.

4. Upon information and belief, Defendant operates a website at the URL <www.marketingarm.com> where Defendant advertises products for use in connection with agricultural products.

5. One of Defendant's products is offered under the designation Lynx 24 SC, or LYNX, which product is advertised to be a systemic bactericide and fungicide of a broad spectrum control of fungal and bacterial plant disease in 145 crops worldwide (the "LYNX Designation").

6. Defendant's website is accessible throughout the country, including Miami-Dade and Broward County, Florida, and upon information and belief Defendant offers its products for sale to consumers through its website for use in foreign countries.

## JURISDICTION

7. This Court has jurisdiction over the asserted trademark claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over all related unfair competition claims under 28 U.S.C. § 1338(b).

8. All other claims asserted in this action arise out of the same transaction or occurrence, so this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

9. Personal jurisdiction is proper pursuant to Fla. Stat. § 48.193(1)(a)(2) because Defendant has "[c]ommitt[ed] a tortious act within this state" by operating a website at the URL <www.marketingarm.com> that advertises products under the LYNX Designation that is accessible to persons in this District.

10. Personal jurisdiction is proper pursuant to Fla. Stat. § 48.193(2) because the Defendant has "engaged in substantial and not isolated activity within this state . . . and is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

## VENUE

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

12. For over 10 years, Plaintiff has engaged in the business of providing products for agricultural use.

13. Plaintiff has offered *inter alia* biocides, germicides, bactericides, virucides, fungicides, insecticides, pesticides and herbicides under the trademark LYNX (the “LYNX Mark”) since 2016.

14. The LYNX Mark has been extensively advertised throughout the United States. Plaintiff's products provided under the LYNX Mark have met with popular approval as a result of Plaintiff's extensive sales and advertising. As a result, Plaintiff has acquired common law trademark rights in the LYNX Mark.

15. Plaintiff registered the trademark LYNX® with the United States Patent & Trademark Office for use in connection with “Biocides, germicides, bactericides, virucides, fungicides, insecticides, pesticides and herbicides; Herbicides, insecticides, pesticides and fungicides for home, garden and lawn use and for professional use; Insecticide for agricultural use; Insecticides; Insecticides for agricultural use; Insecticides for domestic use; Miticides for agricultural use; Miticides for domestic use,” which registration was issued on March 29, 2016 as U.S. Trademark Registration No. 4928827 (the “Trademark Registration”).

16. The Trademark Registration is valid and subsisting, and Plaintiff is the owner of the Registration. A true and correct copy of the Trademark Registration is attached to this Complaint as Exhibit "A" and is herein incorporated by reference.

17. The LYNX Mark has come to mean and is understood to mean the Plaintiff and

Plaintiff's products only, and the LYNX Mark is a strong and distinctive mark by which the products of the Plaintiff are distinguished from similar services. This is true throughout the United States, including the State of Florida.

18. Within the past several months, Plaintiff became aware that Defendant is advertising products for sale under the LYNX Designation.

19. The LYNX Designation is confusingly similar to Plaintiff's federally registered LYNX Mark.

20. The LYNX Designation is confusingly similar to Plaintiff’s common law LYNX Mark.

21. Defendant’s use of the LYNX Designation constitutes trademark infringement, unfair competition and deceptive and unfair trade practices under the laws of the United States and the State of Florida.

22. Defendant’s use of the LYNX Designation is without the license or consent of the Plaintiff.

23. Unless restrained by this Court, Defendant will continue to infringe Plaintiff's federally registered trademark and common law trademark rights, to Plaintiff's irreparable injury.

24. Plaintiff has retained the undersigned law firm of Nancy J. Flint, Attorney At Law, P.A. to pursue this matter on its behalf, and it is obligated to pay a reasonable attorney’s fee and costs and litigation expenses associated with the prosecution of this matter.

**COUNT I**
**Trademark Infringement Under 15 U.S.C. § 1114(1) and 1125(a)**

25. Plaintiff repeats the allegations of Paragraphs 1-24 as if fully set forth herein.

26. Plaintiff is the owner of the LYNX Mark for use in connection with *inter alia* biocides, germicides, bactericides, virucides, fungicides, insecticides, pesticides and herbicides.

27. Defendant adopted the LYNX Designation as a trademark for use in connection

with the offering of bactericides and fungicides with notice of the prior use by Plaintiff of the LYNX Mark.

28. The LYNX Designation is confusingly similar to Plaintiff's federally registered LYNX Mark.

29. The LYNX Designation is confusingly similar to Plaintiff's common law LYNX Mark.

30. Defendant's use of the LYNX Designation on its products causes confusion, mistake and deception that Defendant's products are affiliated, connected or associated with Plaintiff, and that Defendant's products originate with, are sponsored by or are approved by Plaintiff.

31. Defendant's use of the LYNX Designation constitutes infringement of Plaintiff's federally registered trademark rights under the laws of the United States.

32. Defendant's use of the LYNX Designation constitutes infringement of Plaintiff's common law trademark rights under the laws of the United States.

33. Defendant's use of the LYNX Designation as a trademark is without the license or consent of the Plaintiff.

34. Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its federally registered and common law trademark rights unless Defendant is enjoined from further use of the LYNX Designation.

**COUNT II**
**Unfair Competition Under 15 U.S.C. § 1125(a)**

35. Plaintiff repeats the allegations of Paragraphs 1-24 as if fully set forth herein.

36. Defendant adopted the LYNX Designation as a trademark for use in connection with *inter alia* bactericides and fungicides with notice of the prior use by Plaintiff of the LYNX Mark.

37. The LYNX Designation is confusingly similar to Plaintiff's federally registered LYNX

Mark.

38. The LYNX Designation is confusingly similar to Plaintiff's common law LYNX Mark.

39. Defendant's use of the LYNX Designation in offering its bactericides and fungicides causes confusion, mistake and deception that Defendant's products are affiliated, connected or associated with Plaintiff, and that Defendant's products originate with, are sponsored by or are approved by Plaintiff.

40. Defendant's use of the LYNX Designation constitutes unfair competition under the laws of the United States.

41. Defendant's use of the LYNX Designation is without the license or consent of the Plaintiff.

**COUNT III**
**Trademark Infringement Under the Common Law of the State of Florida**

42. Plaintiff repeats the allegations of Paragraphs 1-24 as if fully set forth herein.

43. Defendant adopted the LYNX Designation as a trademark for use in connection with bactericides and fungicides with notice of the prior use by Plaintiff of the LYNX Mark.

44. The LYNX Designation is confusingly similar to Plaintiff's federally registered LYNX Mark.

45. The LYNX Designation is confusingly similar to Plaintiff's common law LYNX Mark.

46. Defendant's use of the LYNX Designation in offering bactericides and fungicides causes confusion, mistake and deception that Defendant's products are affiliated, connected or associated with Plaintiff, and that Defendant's products originate with, are sponsored by or are approved by Plaintiff.

47. Defendant's use of the LYNX Designation constitutes infringement of Plaintiff's common law trademark rights under the laws of the State of Florida.

48. Defendant's use of the LYNX Designation as a trademark is without the license or consent of the Plaintiff.

49. Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its rights under the laws of the State of Florida unless Defendant is enjoined from further use of the LYNX Designation.

**COUNT IV**
**Unfair Competition Under the Common Law of the State of Florida**

50. Plaintiff repeats the allegations of Paragraphs 1-24 as if fully set forth herein.

51. Defendant adopted the LYNX Designation as a trademark for use in connection with bactericides and fungicides with notice of the prior use by Plaintiff of the LYNX Mark.

52. The LYNX Designation is confusingly similar to Plaintiff's federally registered LYNX Mark.

53. The LYNX Designation is confusingly similar to Plaintiff's common law LYNX Mark.

54. Defendant's use of the LYNX Designation for its products causes confusion, mistake and deception that Defendant's products are affiliated, connected or associated with Plaintiff, and that Defendant's products originate with, are sponsored by or are approved by Plaintiff.

55. Defendant's use of the LYNX Designation constitutes unfair competition under the laws of the State of Florida.

56. Defendant's use of the LYNX Designation is without the license or consent of the Plaintiff.

57. Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its rights under the laws of the State of Florida unless Defendant is enjoined from further use of the LYNX Designation.

**COUNT V**
**Deceptive and Unfair Trade Practices Under Fla. Stat. §§ 501.201 *et. seq.***

58. Plaintiff repeats the allegations of Paragraphs 1-24 as if fully set forth herein.

59. Defendant unlawfully used intellectual property belonging to Plaintiff, including unauthorized use of Plaintiff's LYNX Mark, to obtain competitive advantage for its own products in the market.

60. Defendant adopted the LYNX Designation as a trademark for use in connection with bactericides and fungicides with notice of the prior use by Plaintiff of the LYNX Mark.

61. The LYNX Designation is confusingly similar to Plaintiff's federally registered LYNX Mark.

62. The LYNX Designation is confusingly similar to Plaintiff's common law LYNX Mark.

63. Defendant's use of the LYNX Designation constitutes trademark infringement and unfair competition under the laws of the United States and the State of Florida.

64. Defendant's use of the LYNX Designation is without the license or consent of the Plaintiff.

65. Defendant has willfully undertaken these unlawful acts, as under Florida Statute § 501.204, and knew or should have known that such uses or practices were unlawful.

66. Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its rights under the laws of the State of Florida unless Defendant is enjoined from further use of the LYNX Designation.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court issue judgment in favor of Plaintiff and against Defendant and further requests an Order:

A. That Defendant, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through Defendant, be restrained during the pendency of this suit and afterwards, perpetually enjoined and restrained from:

i. Using the word "LYNX" or any colorable imitation of Plaintiff's federally registered and common law LYNX Mark in connection with products similar to those of Plaintiff; and

ii. Otherwise infringing Plaintiff's federally registered and common law LYNX Mark.

B. That Defendant account to Plaintiff and pay Plaintiff all profits realized from the sale of services sold under the LYNX Designation or any colorable imitation thereof.

C. That Plaintiff recover all damages sustained on account of Defendant's trademark infringement, unfair competition and deceptive and unfair trade practices.

D. That all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendant bearing the LYNX Designation, or any colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered to Plaintiff and destroyed.

E. That Plaintiff be awarded treble profits or damages, whichever is greater, under 15 U.S.C. § 1117.

F. That exemplary and/or punitive damages be assessed if infringements and acts of unfair competition, and other wrongful acts, including but not limited to deceptive business practices, are found to be committed knowingly;

G. That Plaintiff be awarded its reasonable attorney's fees.

H. That Plaintiff be awarded its costs of this suit.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ Nancy J. Flint, Esq.
Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.
1856 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel.: (954) 812-0660
Fax: (866) 517-9150
Email: nancy@flintiplaw.com

Attorney for Plaintiff LAM INTERNATIONAL CORPORATION